UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FRANK C. BROWN, JR.,** | Case No. 3:10 CV 1941 |
| Petitioner, | Judge John R. Adams |
| v. | REPORT AND RECOMMENDATION |
| **DEB TIMMERMAN-COOPER,** | |
| Respondent. | Magistrate Judge James. R. Knepp II |

### Introduction

*Pro se* Petitioner Frank Brown, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a Motion to Dismiss the Petition. (Doc. 12). Petitioner filed a response to the Motion to Dismiss, (Doc. 23), and Respondent filed a Reply (Doc. 24).

Petitioner also filed two Motions for leave to conduct discovery (Docs. 6 & 8), to which Respondent filed an opposition (Doc. 9), and Petitioner replied (Doc. 10).

The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This case was referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Motion to Dismiss be granted and the Petition denied.

## Background

*Procedural Background*

In September 2002, a Hancock County Grand Jury indicted Petitioner on four counts of sexual battery in violation of Ohio Revised Code § 2907.03(A)(5) and one court of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b). (Doc. 12-1). Petitioner entered a negotiated plea of guilty to the offenses charged. (Doc. 12-2). On January 21, 2003, the trial court accepted Petitioner's guilty plea and the jointly recommended sentence. The court filed and finalized the plea on January 28, 2003. (Doc. 12-3). Petitioner failed to file a timely appeal to the Third District Court of Appeals.

On July 10, 2003, more than five months later, Petitioner *pro se* filed a notice of appeal and a motion for leave to file a delayed appeal in the Third District Court of Appeals. (Docs. 12-4 & 12-5). On August 29, 2003, the appeals court denied Petitioner's motion. (Doc. 12-6). Three years later, on June 29, 2007, Petitioner *pro se* filed a notice of appeal and a motion for leave to file a delayed appeal in the Supreme Court of Ohio. (Docs. 12-7 & 12-8). The Supreme Court of Ohio denied the motion on August 29, 2007. (Doc. 12-10).

On June 31, 2007, Petitioner *pro se* filed an Ohio Appellate Rule 26(B) application to reopen his appeal in the Third District Court of Appeals. (Doc. 12-11). On August 7, 2007, the Court of Appeals denied Petitioner's 26(B) application. (Doc. 12-12). Petitioner appealed the decision to the Supreme Court of Ohio on September 17, 2007. (Doc. 12-13). The Supreme Court of Ohio dismissed the appeal on December 12, 2007. (Doc. 12-15).

As a means of collateral review of his guilty plea of January 21, 2003, Petitioner *pro se* filed a motion to withdraw his guilty plea on June 23, 2003. (Doc. 12-16). The State filed a response to which Petitioner replied. (Docs. 12-17 & 12-18). The court stayed the proceedings while Petitioner

pursued his delayed direct appeal outlined above. (Doc. 12-20). Petitioner also filed a petition to vacate or set aside judgment of conviction or sentence on August 22, 2003 as a means of collateral relief. (Doc 12-21).

On September 16, 2004 and continuing on January 26, 2005, the trial court held a hearing on Petitioner's motion to withdraw his guilty plea and his petition to vacate or set aside judgment of conviction or sentence. (Doc. 12-27). On August 19, 2008, the trial court overruled Brown's motion and petition. (Doc. 12-30).

Petitioner appealed *pro se* to the Third District Court of Appeals. (Doc. 12-33). After permitting two extensions of time to file a brief, the court dismissed Petitioner's case for want of prosecution on August 19, 2008. (Doc. 12-34). Petitioner appealed *pro se* to the Supreme Court of Ohio on May 29, 2009. (Doc. 12-37). The Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question on September 16, 2009. (Doc. 12-39).

On August 25, 2010, Brown signed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1).

## Discussion

*Statutory Tolling*

Respondent's Motion to Dismiss argues Petitioner violated the statute of limitations for filing a Petition pursuant to 28 U.S.C. § 2244(d). The undersigned agrees.

The statute of limitations for an application for a Writ of Habeas Corpus is one year. 28 U.S.C. § 2244(d). The limitation period shall run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review", whichever is later. 28 U.S.C. § 2244(d)(1)(A). Cases become final when the Supreme Court "affirms a

conviction on the merits on direct review or denies petition for a writ of certiorari" or when the time for filing for certiorari passes. *Clay v. United States,* 537 U.S. 522, 527 (2003). *See also Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009).

Even when a case becomes final, filing an application for state post-conviction proceedings or other collateral review with respect to the pertinent judgment tolls the period of limitation. 28 U.S.C. § 2244(d)(2). The statute of limitations tolls only if the Petitioner properly files the application. *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). A properly filed application adheres to the state's law and rules governing its delivery, acceptance, and filing. *Hough v. Carlton,* 339 F. App'x 520, 523 (6th Cir. 2009) (*citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). For example, if a post-conviction appeal is untimely according to state law, no tolling occurs. *See Pace,* 544 U.S. at 414; *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001).

The instant Petition is barred by the statute of limitations. Petitioner's conviction became final when his opportunity to appeal to the Third District Court of Appeals expired. Petitioner had thirty days to appeal after the trial court entered his conviction. The trial court did so on January 28, 2003. (Doc. 12-3). Petitioner's window to appeal closed thirty days later, on February 27, 2003, and the one-year statute of limitations began to run on February 28, 2003.

Petitioner filed a motion to withdraw his guilty plea – a method of collateral relief for purposes of § 2244(d)(2) – on June 23, 2003. By this time, the statute had been running for 115 days. The motion to withdraw the guilty plea tolled the statute of limitations until the Ohio Supreme Court dismissed it on September 16, 2009. Petitioner did not file any further actions that tolled the statute. The remaining 250 days expired May 24, 2010. Petitioner filed the instant Petition on August 25, 2010. (Doc. 1). Therefore, the Petition is untimely.

Petitioner argues that 28 U.S.C. § 2244(d)(2) allows tolling for the 90-day period permitted for application for writ of certiorari to the United States Supreme Court following denial in the state's highest court. Petitioner cites *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003). However, the Supreme Court overruled *Abela* in *Lawrence v. Florida*, 549 U.S. 327 (2007). *Lawrence* held the Supreme Court was not a part of a state's post-conviction proceedings and that state review ends when state courts resolve an application for post-conviction relief. Certiorari pending in a *federal* court does not affect the finality of a state's post-conviction review and therefore does not toll the statute when the matter under review is *collateral review*, rather than direct review. *Lawrence,* 549 U.S. at 331-32; s*ee also Sherwood v. Prelesnik,* 579 F.3d 581, 586-87 (6th Cir. 2009). Here, the matter under review was a Motion to withdraw his guilty plea and to vacate or set aside judgment of conviction or sentence – a collateral review measure. Therefore, Petitioner is not entitled to an additional 90 days after the dismissal by the Ohio Supreme Court. As such, the Petition is untimely.

*Equitable Tolling*

AEDPA's one-year statute of limitations is not jurisdictional; therefore, a petitioner who misses the deadline may still "maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004). A petitioner seeking equitable tolling must establish two elements: (1) he had been pursuing his rights diligently and (2) some "extraordinary circumstance" prevented him from exercising those rights. *Pace*, 544 U.S. at 418. Petitioner cites the five-factor analysis from *Dunlap v. United States,* 250 F.3d 1001, 1010 (6th Cir. 2001). (Doc. 23, at 11). Respondent points out that *Dunlap*'s five-factor analysis may have been overruled by *Pace*. (Doc. 24, at 3). *Pace* does not explicitly overrule *Dunlap*. *Pace*, 544 U.S. at 418. However, most recently the Sixth Circuit has turned to Pace's two-factor test in determining whether

5

equitable tolling is appropriate. *See Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010); *Akrawi v Booker,* 572 F.3d 252, 260 (6th Cir. 2009). Courts extend equitable tolling sparingly. *Dunlap,* 250 F.3d at 1006. The petitioner bears the burden of demonstrating his entitlement to equitable tolling. *Yukins*, 366 F.3d at 401.

*February 20, 2003 to July 10, 2003*

Petitioner claims he was unaware of his right to appeal and therefore the Court must toll the 139 days it took to file the delayed appeal. (Doc. 23, at 12). However, the record demonstrates the trial court informed Petitioner of his limited appellate rights and the time frame for exercising those appellate rights when he negotiated his plea. (Doc. 12, Ex. 2, at 3). Although Petitioner argues (1) his attorney told Petitioner that he would file an appeal and, (2) he had no access to a law library until the 30 days had expired (Doc. 23, Ex. 24, at 98), there is no reason presented as to why it took Petitioner 139 days to file an appeal. Petitioner bears the burden of demonstrating his diligence. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Petitioner does not show how he diligently pursued his rights and therefore the statute does not toll between February 20, 2003 and July 10, 2003.

*September 14, 2009 to May 15, 2009*

Petitioner claims he is entitled to equitable tolling of the statute for this period because he relied on bad law. Petitioner cited *Abela v. Martin* as the basis for his delay. *Abela*'s holding tolled the statute for an additional 90 days to give time to file for certiorari to the United States Supreme Court. 348 F.3d at 166. Petitioner argues he relied on the *Abela* ruling in good faith.

The Sixth Circuit has indicated that reasonable reliance on bad case law may be grounds for equitable tolling. *See Sherwood v. Prelesnik*, 599 F.3d 581, 587-89 (6th Cir. 2009). However, in

6

*Sherwood*, the petitioner filed for post-conviction relief *before* the Supreme Court overturned *Abela* and therefore his untimely habeas petition was entitled to equitable tolling. *Id.,* at 588-89 (the petitioner's filing of post-conviction relief two days before the habeas statute would have expired – but petitioner, relying on *Abela*, reasonably believed that his post-conviction filing would not negatively impact his habeas filing because he would have 90 additional days to file a habeas petition to account for the period to file an appeal with the United States Supreme Court if his post-conviction relief was denied). Here, however, Petitioner was not reasonable in relying upon *Abela* because *Abela* was overruled more than two years before Petitioner's case was ripe for a habeas petition. The timeframe in this case does not mirror *Sherwood*. Failing to discover *Abela* had been overturned before relying on it demonstrates a lack of due diligence. Therefore, equitable tolling is not appropriate for this period.

      *November 29, 2009 to May 11, 2010*

Petitioner argues the statute must be tolled during this period because Respondent created an impediment by "confiscating, secluding, and quarantining" Petitioner's legal material for a total of 152 days, thereby creating an extraordinary circumstance beyond his control. (Doc. 23, at 13). Petitioner ignores that he must demonstrate due diligence *and* extraordinary circumstances under the *Pace* test. 544 U.S. at 418. Even granting diligence, Petitioner provides only bare, conclusory statements relating to the "confiscation" of his legal materials. The intentional confiscation of a petitioner's legal papers by a corrections officer may justify equitable tolling. *See Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000) (quoted in *Griffith v. Birkett*, 2006 WL 724579, *4 (E.D. Mich. 2006)). But, a bare assertion or otherwise "unsupported allegation" is insufficient to justify tolling of the limitations period. *See Mateos v. West*, F. Supp. 2d 572, 577 (E.D.N.Y. 2005)

(quoted in *Griffith*, at *4). Similar to this case, the petitioner in *Griffith* claimed confiscation of his legal materials resulted in him missing the filing deadline. The petition did not provide any additional details to support his accusations. Petitioner here does very much the same thing – makes bare accusations without providing additional evidence or support. Moreover, lack of access to legal materials does not necessarily preclude a petitioner from filing his petition – generally speaking, alleged denial of access to legal materials is not an exceptional circumstance. *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). Therefore, Petitioner is not entitled to equitable tolling between November 29, 2009 and May 11, 2010.

Because the Petition is untimely, this Court need not address the issues of exhaustion or procedural default. (Docs. 12, 23, 24). Further, this Court denies the Motions for leave to conduct discovery (Docs. 6 & 8) as moot.

### Conclusion and Recommendation

This Petition fails because it is barred by the statute of limitations and exceptional circumstances permitting equitable tolling are not present. The undersigned recommends Respondent's Motion (Doc. 12) be granted and the Petition be dismissed. The Motions for leave to conduct discovery (Docs. 6 & 8) are denied.

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).