UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Frank C. Brown, Jr., | ) | CASE NO. 3:10-cv-1941 |
| Petitioner, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| | ) | **ORDER AND DECISION** |
| Deb Timmerman-Cooper, Warden, | ) ) | |
| Respondent. | ) ) ) | |

On August 25, 2010, Petitioner Frank C. Brown, Jr. signed the instant petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to Magistrate Judge Knepp for a Report and Recommendation ("R&R").  On January 4, 2011, Respondent Deb Timmerman-Cooper filed a motion to dismiss, arguing that the petition was untimely pursuant to 28 U.S.C. § 2244(d).  Doc. 12.  On March 1, 2011, Petitioner filed an opposition to the motion to dismiss.  Doc. 23.  On March 14, 2011, Respondent filed a reply to Petitioners opposition.  Doc. 24.  Magistrate Judge Knepp issued his R&R on August 18, 2011, recommending that the Court dismiss the petition.  Doc. 27.  Specifically, the Magistrate Judge concluded that Petitioner untimely filed his petition and that he is not entitled to equitable tolling.  Doc. 27.

On October 18, 2011, Petitioner filed his objections to the R&R.  Doc. 35.  Petitioner's objections to the R&R are little more than an attempt to reargue the position he took in his reply with regard to equitable tolling.  However, given the fact that Petitioner is a pro se litigant, the Court has liberally construed his objections.  Petitioner's objections are OVERRULED.  The Court ADOPTS the Magistrate Judge's R&R (Doc. 27) and DISMISSES the petition for the reasons stated below.

**I.     STANDARD OF REVIEW**

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objections is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

**II.    LAW AND ANALYSIS**

  **A. Statutory Tolling**

The Magistrate Judge determined that the instant Petition violates the statute of limitations for filing a petition pursuant to 28 U.S.C. § 2244(d).  Specifically, the Magistrate Judge disposed of Petitioner's argument that 28 U.S.C. § 2244(d)(2) allows tolling for the 90-day period permitted for an application for writ of certiorari to the United States Supreme Court following denial in the state's highest court.  The Magistrate Judge noted that Petitioner pointed to *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003) to support this argument.  As thoroughly explained in the R&R, *Abela* was overruled by the U.S. Supreme Court in *Lawrence v. Florida*, 549 U.S. 327 (2007).  In *Lawrence,* the Court held that

> This Court is not a part of a "State's post-conviction procedures." State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a federal court. The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari. *Lawrence*, 549 U.S. at 332.

2

Petitioner does not specifically object to the Magistrate Judge's conclusion that his petition was not filed within the applicable statute of limitations. As such, this conclusion is fully adopted by this Court.

**B. Equitable Tolling**

Petitioner points to several statements in the R&R that he believes are in error with regard to the determination that the statute of limitations was not equitably tolled.

> a. The Magistrate Judge erred when he held that "the record demonstrates that the trial court informed the Petitioner of his limited appellate rights and the time frame for exercising those rights when he negotiated his plea."

Petitioner contends that this statement was in error because the guilty plea form was signed during his plea hearing and was not read in open court on the record. Petitioner takes issue with the fact that the Magistrate Judge did not cite to his sentencing hearing. Regardless of which document the Magistrate Judge decided to point to, it is clear that the record reflects that Petitioner was aware of his appellate rights. The Magistrate Judge points to Petitioner's plea agreement, which specifically states that he understood that any appeal must be filed within 30 days of his sentence. The Magistrate Judge also noted that Petitioner argued that his appellate counsel told him he would file an appeal and this Court notes that in a later objection, Petitioner makes clear that he requested his trial counsel to appeal his case, and his trial counsel indicated that he would get back to him. These arguments demonstrate that Petitioner was aware of his right to appeal. Further, the Court notes that this argument has been raised and rejected repeatedly throughout the proceedings. This Court concludes that Petitioner was aware of his appellate rights and therefore this reason cannot be used as a basis for equitable tolling.

> b. The Magistrate Judge erred when he held that "there is no reason presented as to why it took Petitioner 139 days to file an appeal."

3

Petitioner's argument with regard to this statement is essentially the same as his argument above. He explains that he was not aware of his appellate rights. As the Court explained above, this argument is without merit. Petitioner contends that he was incarcerated during this time period without access to a law library. Petitioner cited this reason in his request for a delayed appeal to the state appellate court. The Third District Court of appeals denied his petition stating in part that "incarceration is not a unique situation and does not prevent the filing of documents." Since that decision, issued on August 29, 2003, Petitioner failed to present any new argument or explanation as to why it took him 139 days to file an appeal. The Magistrate Judge correctly stated that Petitioner bears the burden of demonstrating his diligence. The Court agrees with the Magistrate Judge's conclusion that Petitioner has not met this burden.

> c. The Magistrate Judge erred when he held that "Failing to discover Abela had been overturned before relying on it demonstrates a lack of due diligence."

Petitioner relied on *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003) for the proposition that his time to file his petition was tolled for 90 days. *Abela* was overruled in 2007, over two years before Petitioner's case was ripe for a habeas petition. Petitioner argued that his time to file his petition should be equitably tolled because he relied on bad law. The Magistrate Judge determined that reliance on a case that was overruled over two years prior was not reasonable and therefore showed a lack of due diligence. This Court agrees.

> d. The Magistrate Judge erred when he held that "Petitioner provides only bare, conclusory statements relating to the 'confiscation' of his legal materials."
> e. The Magistrate Judge erred when he held that "Petitioner here does very much the same thing-makes bare accusations without providing additional evidence or support."

These two statements will be considered together as they are repetitive. Petitioner argued that his time to file should be equitably tolled because the Respondent created an impediment by "confiscating, secluding, and quarantining" his legal material. The Magistrate Judge concluded

that these statements, even granting diligence, were not enough to justify equitable tolling. Petitioner repeats the same arguments he argued in his opposition, which were considered and rejected as bare assertions by the Magistrate Judge. The Court agrees that these statements are nothing more than conclusory allegations and is insufficient to justify equitable tolling.

    C. **Remaining Objections**

Petitioner objects to the Magistrate Judge's statement that "On January 21, 2003, the trial court accepted Petitioner's guilty plea and the jointly recommended sentence." This statement is included in the procedural background of the R&R. Because the Court has concluded that the Petition must be dismissed as untimely, any argument with regard to the facts of the procedural history of the case are without merit. Petitioner does not contend that this statement, even if in error, would change whether his petition was timely filed.

**III. CONCLUSION**

For the reasons set forth herein, Petitioner's objections are OVERRULED. The Court ADOPTS the Magistrate Judge's Report. Doc. 27. The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

    IT IS SO ORDERED.

DATE: November 28, 2011             */s/ John R. Adams*
                                               Judge John R. Adams
                                               UNITED STATES DISTRICT COURT